UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Karen Ann Rushton,

        Plaintiff,

vs.

Nancy A. Berryhill, Acting
Commissioner of Social Security,

        Defendant.

Civil Action No.: 8:17-cv-00840-AMQ

**ORDER AND OPINION**

      This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g) in which Plaintiff Karen Ann Rushton ("Plaintiff") seeks judicial review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on June 8, 2018, recommending that the Commissioner's decision be reversed pursuant to Sentence Four of 42 U.S.C. § 405(g) and remanded to the Commissioner for further administrative action. (ECF No. 16.) The Commissioner filed Objections to the Report ("Objections") on June 22, 2018 (ECF No. 17), and Plaintiff filed a Reply on July 6, 2018. (ECF No. 18.) The Court has reviewed Commissioner's Objections, but, in light of the record, overrules them. Therefore, the Court adopts the Report of the Magistrate Judge and reverses and remands this matter, as further explained below.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

      The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff filed an application

for DIB benefits on June 3, 2014. (Tr. at 19.) Plaintiff alleges a disability onset date of May 20, 2014. (Tr. at 19.) The application was denied initially and upon reconsideration by the Social Security Administration. (Tr. at 19.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on August 11, 2014. (Tr. at 19.) The ALJ heard testimony before Plaintiff at a hearing on April 7, 2016. (Tr. at 19.) On May 11, 2016, the ALJ issued a ruling and found that Plaintiff was not under a disability as defined by the Social Security Act. (Tr. at 16-28.) The Social Security Appeals Council denied Plaintiff's request for review (Tr. at 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff filed an action in this Court on March 31, 2017. (ECF No. 1.)

## II.     REPORT AND RECOMMENDATION

The Magistrate Judge recommends that the Commissioner's final decision be reversed pursuant to Sentence Four of 42 U.S.C. § 405(g) and remanded to the Commissioner for re-evaluation of the evidence and for any further proceedings deemed necessary. (ECF No. 16 at 21.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in

either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

In the Report, after setting forth the relevant facts and background, parties' positions, and the applicable law, the Magistrate Judge gave specific attention to the ALJ's consideration of Plaintiff's moderate difficulties in light of the Fourth Circuit's opinion in *Mascio v Colvin*, 780 F. 3d 632 (4th Cir. 2015). (ECF No. 16 at 16.) The Magistrate Judge acknowledged the ALJ's finding that Plaintiff had moderate limitations in concentration, persistence or pace. (ECF No. 16 at 18.) The Magistrate Judge noted that the ALJ concluded that the Residual Functional Capacity ("RFC") accounted for Plaintiff's mental impairments by restricting the pace and skill of her work, as well as her interactions with public. (ECF No. 16 at 18.) As part of the RFC, the ALJ determined that Plaintiff "can perform simple, routine tasks for two hour blocks of time with normal rest breaks during an eight hour work day; and occasional interaction with the public." (ECF No. 16 at 2.) The Magistrate Judge concluded, however, that the ALJ failed to explain how a limitation to simple, routine tasks for two hour blocks of time with normal rest breaks addresses Plaintiff's moderate difficulties in concentration, persistence and pace. (ECF No. 16 at 18.)

For that reason, the Magistrate Judge determined that further explanation and/or consideration is needed from the ALJ to explain how Plaintiff's moderate limitations in concentration, persistence or pace does or does not translate into a limitation in Plaintiff's RFC and/or a limitation in the hypothetical to the Vocational Expert ("VE"). (ECF No. 16 at 19.) Accordingly, the Magistrate Judge was unable to make a recommendation to this Court that that ALJ's RFC determination is supported by substantial evidence. (ECF No. 16 at 19.) The

3

Magistrate Judge, therefore, recommends that the Commissioner's decision be reversed pursuant to Sentence Four of 42 U.S.C. § 405(g), and remanded to the Commissioner for further administrative action, including consideration of Plaintiff's remaining allegations of error. (ECF No. 16 at 20.)

### III. PARTIES' RESPONSE

The Commissioner filed Objections to the Report on June 22, 2018, contending that there is substantial evidence for the ALJ's decision, and that the ALJ adequately explained his analysis of the relevant medical evidence. (ECF No. 17 at 1.) The Commissioner argues that the ALJ's RFC assessment reasonably accounted for Plaintiff's credibly established limitations in concentration, persistence or pace by requiring her to: (1) avoid all work place hazards; (2) perform simple routine tasks for two hour blocks of time with normal rest breaks, during an eight-hour work day; and (3) interact with the public on no more than an occasional basis. (ECF No. 17 at 2.) The Commissioner argues that the ALJ's RFC assessment contains relevant language which demonstrates the ALJ's consideration of Plaintiff's degree of limitation and mental impairments in restricting the pace and skill of her work. (ECF No. 17 at 5.) The Commissioner concludes that *Mascio* does not present a basis for remand here because the Magistrate Judge errs in her reliance on "precedent that does not include any RFC limitation addressing time-on-task," and further errs by finding fault with the ALJ's explanation of his findings. (ECF No. 17 at 10.) The Commissioner thus asks this Court to affirm the final decision and sustain her Objections to the Report.

Plaintiff filed a Reply to the Commissioner's Objections, reiterating her argument that the ALJ's RFC assessment fails to account for time off-task during the workday and arguing that remand under *Mascio* is warranted in this case. (ECF No. 18 at 2.)

## IV. DISCUSSION OF THE LAW

### A. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an

improper standard or misapplication of the law. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater,* 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)).

**B.  ANALYSIS AND DISCUSSION**

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see Woods v. Berryhill*, 888 F.3d 686, 689 (4th Cir. 2018). It is Plaintiff's duty both to produce evidence and prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)("The applicant bears the burden of production and proof during the first four steps of the inquiry."). Nevertheless, the ALJ is to develop the record and where he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

Here, the ALJ found that Plaintiff had the following severe impairments: migraine headaches, fibromyalgia, depressive disorder, personality disorder and anxiety disorder. (Tr. at 21.) The ALJ further determined that Plaintiff's impairments both singularly and in combination do not meet and equal the severity of any impairment in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 21.) At step three, the ALJ determined that Plaintiff has "moderate difficulties" with "regard to concentration, persistence or pace." (Tr. at 22.) The ALJ indicated that the RFC assessment took into account all symptoms and the extent to which the symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence. (Tr. at 23.) The ALJ found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements about the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the objective medical evidence and other evidence in the record (Tr. at 24.) The ALJ found that Plaintiff has the RFC to perform sedentary work with some exceptions and "can perform simple, routine tasks for two hour blocks of time with normal rest breaks during an eight hour day; and occasional interaction with the public." (Tr. at 23.) The ALJ indicated that the RFC accounts for her musculoskeletal issues by limiting her to a range of sedentary work with additional postural and environmental restrictions. (Tr. at 27.) The decision also indicates that the RFC accounts for her mental impairments by restricting the pace and skill of her work, as well as her interactions with the public. (Tr. at 27.) The ALJ then found that Plaintiff is unable to perform past relevant work. (Tr. at 27.) For step five of the sequential analysis, the ALJ considered Plaintiff's age, education, work experience, and RFC, as well as the testimony of the VE, to conclude that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 27.)

The Court has reviewed the Commissioner's Objections to the Report and Plaintiff's response in light of the record in this case. The Magistrate Judge's recommendation may be viewed by the Commissioner as overly cautious, but it is correct. In *Mascio*, the Fourth Circuit acknowledged that the ability to perform simple tasks differs from the ability to stay on task. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). The Fourth Circuit has determined that only the issue of whether a plaintiff has the ability to stay on task accounts for Plaintiff's limitation in concentration, persistence or pace. *Id.* In *Mascio*, the Fourth Circuit remanded the matter so that the ALJ could explain, for example, that "the concentration, persistence, or pace limitation does not affect [Plaintiff's] ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert." *Id.* A remand was ordered in that case, among other reasons, because the ALJ gave no explanation as to Plaintiff's potential limitation on concentration, persistence or pace and how it might impact the RFC and the following steps of the analysis.

"Remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 636 (internal citations and quotations omitted). Here, this Court believes it appropriate to give the administrative process an opportunity to make a clearer record for review and the Court agrees with the Magistrate Judge's analysis concerning the ALJ's decision and the record. Upon remand, the Commissioner should take into consideration Plaintiff's remaining allegations of error, including Plaintiff's claim that the ALJ failed to evaluate and weigh all of the medical opinions in the record.

V. **CONCLUSION**

For the reasons set forth above and in the Report, after a thorough *de novo* review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules the Commissioner's Objections and adopts the Report and incorporates it herein to the extent not inconsistent. Therefore, it is the judgment of this Court that the Commissioner's decision be **REVERSED,** and that this case be **REMANDED** for additional consideration consistent with this Order and for such further administrative action and proceedings as is deemed necessary and appropriate.

**IT IS SO ORDERED.**

/s/ A. Marvin Quattlebaum, Jr.
United States District Judge

August 29, 2018
Greenville, South Carolina